**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No.  11-cv-01304-REB-MJW

JIMMIE H. PATRICK and
BARBARA L. PATRICK,

     Plaintiffs,

v.

BANK OF NEW YORK MELLON,
LAW OFFICE OF MICHAEL P. MEDVED, P.C.,
JIM D. VENTRELLO in his personal and official capacity,

     Defendants.

## ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

**Blackburn, J.**

The following matters are before me for consideration: (1) plaintiffs' **Emergency motion for Temporary Restraining Order Pursuant To F.R.C.P Rule 65** [#7][1] filed June 17, 2011; and (2) plaintiff's **Emergency motion for Temporary Restraining Order Pursuant To F.R.C.P Rule 65** [#8] filed June 20, 2011, which I construe as a notice, not a motion.  I deny the motion for a temporary restraining order.

Because the plaintiffs are proceeding pro se, I have construed their motion and the related filings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. ***See Erickson v. Pardus***, 551 U.S. 89, 94 (2007); ***Andrews v. Heaton***, 483 F.3d 1070, 1076 (10th Cir. 2007); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991)  (citing ***Haines v. Kerner***, 404 U.S. 519, 520-21 (1972)).

---

[1] "[#7]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

The plaintiffs seek an order restraining a foreclosure sale they say is scheduled to occur on June 22, 2011. The property to be sold at the foreclosure sale is the plaintiffs' home. The plaintiffs allege in their complaint [#1] that in March, 2005, they executed a promissory note and deed of trust in favor of Cornerstone Mortgage Company. The promissory note reflects a loan made by Cornerstone to the plaintiffs and the deed of trust created a security interest in the plaintiffs' real property, which is the plaintiffs' home. In early 2010, foreclosure proceedings against the plaintiffs' property were begun. In May, 2010, the plaintiffs filed a joint bankruptcy petition under Chapter 7 of the United States Bankruptcy Code. That filing triggered the application of the automatic stay provided in 11 U.S.C. § 362.

Shortly after the plaintiffs filed their bankruptcy petition, Cornerstone executed a document entitled Assignment of Deed of Trust. The assignment purports to convey to Bank of New York Mellon all right, title, and interest in the promissory note and deed of trust. On October 4, 2010, the bankruptcy court apparently issued a discharge to the plaintiffs. Foreclosure proceedings against the plaintiffs' house were re-commenced in February of this year in the name of Bank of New York Mellon as the lender and beneficiary of the lien of the deed of trust.

The plaintiffs allege that the assignment from Cornerstone to Bank of New York Mellon is invalid because it was executed in violation of the automatic stay specified in 11 U.S.C. § 362. The plaintiffs contend that the current foreclosure proceeding is unlawful because Bank of New York Mellon does not hold a valid lien against the plaintiffs' house. Based on their contention that Bank of New York Mellon does not hold a valid lien against their property, the plaintiffs assert four claims in their complaint and

now seek a temporary restraining order enjoining the scheduled foreclosure sale.

A temporary restraining order is extraordinary relief. A party seeking a temporary restraining order must show: (1) a substantial likelihood that the movant will prevail eventually on the merits; (2) that the movant will suffer imminent and irreparable injury unless the injunction issues; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; (4) that the injunction, if issued, would not be adverse to the public interest. ***Lundgrin v. Claytor***, 619 F.2d 61, 63 (10th Cir. 1980); ***Heideman v. S. Salt Lake City***, 348 F.3d 1182, 1189 (10th Cir. 2003) (irreparable injury must be imminent). In addition to the foregoing factors, a party seeking a temporary restraining order also must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result absent a temporary restraining order. FED. R. CIV. P. 65(b).

Even with the benefit of the munificent perspective afforded to *pro se* parties, I find and conclude that the plaintiffs have not demonstrated with specific factual allegations (1) that they enjoy a substantial likelihood that they will prevail eventually on the merits; (2) that they will suffer imminent and irreparable injury unless the temporary restraining order issues; and (3) that the temporary restraining order, if issued, would not be adverse to the public interest.

**THEREFORE, IT IS ORDERED** as follows:

1. That the plaintiffs' **Emergency motion for Temporary Restraining Order Pursuant To F.R.C.P Rule 65** [#7] filed June 17, 2011, is **DENIED**; and

4

    2.  That the plaintiffs' **Emergency motion for Temporary Restraining Order Pursuant To F.R.C.P Rule 65** [#8] filed June 20, 2011, is **TREATED B** as a notice, not a separate motion.

    Dated June 21, 2011, at Denver, Colorado.

**BY THE COURT:**

*/s/ Bob Blackburn*
Robert E. Blackburn
United States District Judge