IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01304-REB-MJW

JIMMIE H. PATRICK and
BARBARA L. PATRICK,

Plaintiffs,

v.

BANK OF NEW YORK MELLON,
LAW OFFICE OF MICHAEL P. MEDVED, PC, and
JIM D. VENTRELLO, in his personal and official capacity,

Defendants.

## MINUTE ORDER

**Entered by Magistrate Judge Michael J. Watanabe**

It is hereby **ORDERED** that the plaintiffs' Motion to Correct Docketing of Notice of Removal or in the Alternative, Consolidate the Case Removed with Defendants' U.S. District Court Case Under 11CV1304-REB-MJW (Docket No. 113) is **DENIED**.

On March 27, 2012, plaintiffs [hereinafter "the Patricks"] filed in this case (Case No. 11-cv-01304-REB-MJW) a "Notice of Removal" (Docket No. 106, as supplemented on April 13, 2012, by Docket No. 115) concerning a case in the District Court for Delta County, Colorado, Case No. 2012-CV-60, which concerns Bank of New York Mellon's Summons in Forcible Entry and Unlawful Detainer. (See Docket No. 115 at 11). The Patricks state in that Notice of Removal that "the state district court for the county of Jefferson [sic] cannot hear or decide this case due to want of jurisdiction as it must be removed and consolidated with Case No. 11-CV-1304-REB-MJW." (Docket No. 106 at 3). In the instant motion, the Patricks ask that the filing fee they paid at the time the Notice of Removal was filed be applied to the fee required for the Notice of Removal, that the clerk direct that the case removed be docketed under a new case number, or in the alternative that the Notice of Removal be consolidated with this case.

The basis for the Patricks' removal fails as a matter of law. They state in their Notice of Removal that removal is based upon 28 U.S.C. § 1332 (diversity jurisdiction). However, "[p]ursuant to 28 U.S.C. § 1441(b)(2), removal premised on diversity jurisdiction is impermissible if the removal is effected by citizens of the state in which the action is removed." Kondaur Capital Corp. v. Castro, 2012 WL 1205169, at *2 (D. Colo. Apr. 11, 2012), report and recommendation approved and adopted, 2012 WL 1460990 (D. Colo. Apr. 27, 2012). Therefore, the Patricks [who are the defendants in Delta

2

County Case No. 2012-CV-60] cannot remove that state action to this court on the basis of diversity jurisdiction because they are citizens Colorado, and the state action they seek to remove was brought in a Colorado state court.

The Patricks also assert that pursuant to 28 U.S.C. § 1367, this court has supplemental jurisdiction over the claims brought in the Delta County action because the claims in that case allegedly form part of the same case and controversy as this case. Significantly, however, final judgment had been entered in this case in favor of the defendants (Docket No. 101) before the Patricks attempted to remove the Delta County action. "Although § 1367 permits a federal court to hear claims that, otherwise, it would not have jurisdiction to hear, § 1367 does not provide a court with jurisdiction." Kondaur, 2012 WL 1460990, at * 1. "Section 1367 grants 'supplemental jurisdiction' over state claims, not original jurisdiction." Halmekangas v. State Farm Fire & Cas. Co., 603 F.3d 290, 294 (5th Cir. 2010). Given that supplemental jurisdiction is not the same thing as original jurisdiction, that final judgment had been entered in this case, and that there is no other basis for original jurisdiction, the Patricks cannot remove the Delta County action under § 1441.

The Patricks' attempt to remove the Delta County action is groundless and frivolous and has no legal basis.

Date: July 13, 2012